## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Oscar M.-S., | Case No. 21-cv-1341 (WMW/JFD) |
| Petitioner, | **ORDER** |
| v. | |
| Merrick B. Garland et al., | |
| Respondents. | |

Before the Court is the December 20, 2021 Report and Recommendation (R&R) of then-United States Magistrate Judge Katherine M. Menendez.  (Dkt. 13.)  For the reasons addressed below, the Court rejects the R&R due to a change in Oscar M.-S.'s circumstances.

## BACKGROUND

Petitioner Oscar M.-S. is a Mexican citizen who entered the United States without authorization multiple times.  In May 2019, Oscar M.-S. was charged with malicious punishment of a child.  The Lyon County District Court, Fifth Judicial District, convicted Oscar M.-S. of malicious punishment of a child in January 2020.  Immigration officers arrested Oscar M.-S. in June 2020, and an immigration judge sustained Oscar M.-S.'s charges of removability and denied bond.  Oscar M.-S. appealed the bond determination to the Board of Immigration Appeals (BIA), which dismissed his appeal.  Oscar M.-S. filed a motion to reconsider the dismissal in June 2021.

On June 4, 2021, Oscar M.-S. filed the pending petition for a writ of habeas corpus. Oscar M.-S. alleges that his due process rights under the Fifth Amendment of the United States Constitution were violated at his bond hearing because, among other things, the immigration judge placed the burden of proof on Oscar M.-S. and not on the government. Oscar M.-S. seeks either immediate release from detention or a remand of the case to an immigration judge for a bond hearing at which Respondents must prove by clear-and-convincing evidence that Oscar M.-S. is a danger to the community. The December 20, 2021 R&R recommends granting in part Oscar M.-S.'s petition for a writ of habeas corpus and ordering a new bond hearing at which the burden of proof is on the government. Respondents filed timely objections to the R&R, and Oscar M.-S. responded to those objections.

On December 23, 2021, three days after the R&R was issued, the BIA remanded Oscar M.-S.'s case to the immigration judge for further consideration of Oscar M.-S.'s eligibility for cancellation of removal. (Dkt. 21-1 at 6.) On December 28, 2021, the Minnesota Court of Appeals entered judgment affirming Oscar M.-S.'s conviction of malicious punishment of a child.

## ANALYSIS

A district court reviews *de novo* those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to a R&R must specify the nature of the objection and the grounds for doing so.

*Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is reviewed for clear error. *Id.*

Respondents object to the R&R's conclusion that placing the burden of proof on Oscar M.-S. at his bond hearing to demonstrate that he is not a flight risk or a danger to the community violated Oscar M.-S.'s procedural due process rights. But Respondents urge the Court to avoid this constitutional question. Instead, Respondents argue, the case should be remanded for the immigration judge to consider whether Oscar M.-S. is subject to mandatory detention in light of his criminal conviction of malicious punishment of a child, which became final after the R&R was issued.

The R&R analyzes Oscar M.-S.'s due process rights in the context of detention pursuant to 8 U.S.C. § 1226(a), which permits the government to detain or release on bond a noncitizen who is placed in removal proceedings. But Section 1226 *requires* detention in cases in which the noncitizen has been convicted of, or admits having committed, a crime involving moral turpitude. 8 §§ 1226(c), 1182(a)(2)(A)(i)(I). Even if malicious punishment of a child is a crime involving moral turpitude, *see Loeza-Dominguez v. Gonzales*, 428 F.3d 1156, 1157 (8th Cir. 2005) (observing that an immigration judge found that a conviction for malicious punishment of a child is a crime involving moral turpitude but affirming on other grounds), "a conviction does not achieve finality for immigration purposes until the time for filing an initial direct appeal has expired under the laws of the applicable jurisdiction," *Matter of Acosta*, 27 I&N Dec. 420, 432 (B.I.A. 2018).

Here, when the R&R was issued, Oscar M.-S.'s conviction for malicious punishment had not become final because it was still pending on appeal. Three days after the R&R was issued, however, the Minnesota Court of Appeals entered judgment affirming Oscar M.-S.'s conviction. (Dkt. 21-3 at 2.) Any party seeking review of a decision of the Minnesota Court of Appeals must petition the Minnesota Supreme Court within 30 days. Minn. R. Civ. App. P. 117 subdiv. 1(a). Because the Court of Appeals entered judgment in the case on December 28, 2021, Oscar M.-S. had to petition the Minnesota Supreme Court by January 27, 2022. The Court's review of the appellate docket confirms that Oscar M.-S. did not petition within the time permitted. Accordingly, Oscar M.-S.'s conviction for malicious punishment of a child became final on January 27, 2022. *See Matter of Acosta*, 27 I&N Dec. at 432. If an immigration judge determines that Oscar M.-S.'s conviction for malicious punishment of a child is a crime involving moral turpitude, Oscar M.-S. will be subject to mandatory detention. 8 U.S.C. § 1226(c).

"It is a foundational principle in our legal system . . . that courts must make every effort to avoid deciding novel constitutional questions." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1029 (8th Cir. 2014). Because mandatory detention may be applicable in Oscar M.-S.'s case, a decision as to the constitutional question presented in the R&R would be premature. *See Melie I. v. McAleenan*, No. 18-cv-1657 (ECT/HB), 2019 WL 2367161, at *3 (D. Minn. June 5, 2019) (remanding to the immigration judge because "[g]iven the nonfrivolous and potentially dispositive question of whether [petitioner] is subject to mandatory detention—a question that is, at root, one of statutory construction—it would be premature to decide the constitutional question raised in the

Report and Recommendation and in Respondents' objections").  Instead, the Court remands the case so that the immigration judge may consider whether Oscar M.-S. is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his state-court conviction of malicious punishment of a child.  Accordingly, Respondents' objections are sustained as to the propriety of remand under these circumstances.  In light of this conclusion, the Court need not reach Respondents' other objections.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.      Respondents' objections to the R&R, (Dkt. 20), are **SUSTAINED IN PART** as addressed herein.

2.      The December 20, 2021 R&R, (Dkt. 13), is **REJECTED** because of a change in Petitioner's circumstances.

3.      This matter is **REMANDED** to the immigration judge for a custody hearing consistent with this Order to be held within 30 days.

Dated:  April 7, 2022                                  s/Wilhelmina M. Wright
                                                       Wilhelmina M. Wright
                                                       United States District Judge