UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| OSCAR M.-S.,<br><br>               Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, *Acting Attorney General, Department of Justice*; ALEJANDRO MAYORKAS, *Secretary, Department of Homeland Security*; TAE D. JOHNSON, *Acting Director, Immigration and Customs Enforcement*; MARCOS CHARLES, *Director, St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sheriff, Sherburne County Jail*,<br><br>               Respondents. | Case No. 21-CV-1341 (WMW/JFD)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on *Pro Se* Petitioner Oscar M.-S.'s Petition for Writ of Habeas Corpus. (Dkt. No. 1.) The Court has received notice that Mr. M.-S. has been removed from the United States. (*See* Fuller Decl. Ex. A ¶ 3, Dkt. No. 33 (containing ICE's Warrant of Removal/Deportation verifying Mr. M.-S.'s departure from the United States).) Therefore, the Court recommends that this Petition be dismissed as moot, and this Court be found to lack subject matter jurisdiction over this action.

**I.    BACKGROUND**

Mr. M.-S., originally from Mexico, entered the United States multiple times without authorization. (Apr. 4 Order at 1, Dkt. No. 26.) In January 2020, Mr. M.-S. was convicted

1

in Minnesota state court of malicious punishment of a child, in violation of Minn. Stat. § 609.377.1. (*Id.*) Following his conviction, an immigration judge found Mr. M.-S. removable from the United States and denied him bond. (*Id.*) Mr. M.-S. appealed to the Board of Immigration Appeals ("BIA"), but the BIA dismissed his appeal. (*Id.*)

Mr. M.-S. filed this Habeas Petition on June 4, 2021 (Dkt. No. 1) seeking release pursuant to 28 U.S.C. § 2241 on the grounds that Respondents violated his Fifth Amendment rights because they detained him for too long without judicial review; detained him after an immigration bond hearing at which the immigration judge improperly placed the burden of proof on Mr. M.-S. and not on Respondents; detained him in conditions tantamount to punishment; and engaged in an arbitrary abuse of power. (Pet. ¶¶ 34, 39, 52, 54–56, 60, 65.) In his prayer for relief, Mr. M.-S. asked this Court to grant the requested Writ and order either his immediate release, or a custody re-determination hearing at which the burden of proof would be properly allocated. (*Id.* ¶¶ 72–77.)

After full briefing from the parties on the Petition, the Court issued a Report and Recommendation ("R&R") on December 20, 2021 (Dkt. No. 13). The Court found that assigning to Mr. M.-S. the burden of showing that he was not a danger to the community violated his procedural due process rights and consequently recommended that Mr. M.-S.'s Petition be granted in part, and a new bond hearing be conducted in which Respondents would be required to assume the burden of proving by clear and convincing evidence that Mr. M.-S. poses a danger to the community. (R&R at 1, 13–14.)

In the Minnesota state court criminal action, on October 4, 2021, the Minnesota Court of Appeals affirmed Mr. M.-S.'s conviction. *State v. Salazar*, No. A20-1046, 2021

WL 4517291, at *1 (Minn. Ct. App. Oct. 4, 2021). Judgment was entered on that decision on December 28, 2021, after this Court had issued its R&R. (Apr. 4 Order at 4 (citing Fuller Decl. Ex. C at 1, Dkt. No. 21-3).) Because Mr. M.S. did not seek further review of the Court of Appeals' decision within the 30 day window granted by Minn. R. Civ. App. 117, subd. 1(a), his conviction became final on January 27, 2022. (*Id.* at 3.) Because of the post-R&R change in Mr. M.-S.'s legal situation, the district court judge found that, while the magistrate judge's R&R analyzed Mr. M.-S.'s due process claims pursuant to 8 U.S.C. § 1226(a)—permitting the United States to detain or release on bond aliens in removal proceedings—after his conviction became final, the proper statute under which to analyze Mr. M.-S.'s due process claims shifted to 8 U.S.C. §§ 1226(c) and 1182(a)(2)(A)(i)(I)—*requiring* detention if the alien in removal proceedings has been convicted of a crime involving moral turpitude. (*Id.*) The district court found that it was premature to decide the constitutional procedural due process question identified in the R&R because of the potential that on remand, an immigration judge would find malicious punishment of a child to be a crime of moral turpitude, triggering mandatory detention under 8 U.S.C. § 1226(c). (*Id.* at 3.) The Court therefore remanded the case to immigration court. (*Id.* at 5.)

Following the district court's decision, on April 27, 2022, the BIA dismissed Mr. M.-S.'s final administrative appeal. (Resp't's Supp. Response at 1, Dkt. No. 29.) Thus, Mr. M.-S.'s removal order became administratively final on that date, and Respondents filed a Supplemental Response to the Petition on May 19, 2022, asking the Court to find Mr. M.-S.'s Petition moot based on that status change from pre- to final removal. (*Id.* at 2.) On June 13, 2022, Respondents filed a Second Supplemental Response confirming that Mr.

3

M.-S. had been removed, and presenting this additional basis upon which his Petition should be dismissed. (Second Suppl. Response at 1–2, Dkt. No. 32.)

## II.   ARTICLE III'S CASE OR CONTROVERSY REQUIREMENT

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* at 723–24 (internal quotations omitted). Courts have "concluded that a habeas petitioner's actual removal from the United States renders moot the petitioner's claims[.]" *Khoury v. McAleenan*, No. 19-CV-2305 (DSD/BRT), 2019 WL 4600215, at *1 (D. Minn. Sept. 23, 2019) (citing *Augustin B. v. McAleenan*, No. 19-CV-296 (ECT/BRT), 2019 WL 4305534, at *1 (D. Minn. Sept. 11, 2019); *Mohamed v. U.S. Dep't of Homeland Sec.*, No. 13-CV-643, 2013 WL 5888081, at *1–2 (D. Minn. Oct. 31, 2013)). "Article III mootness divests the Court of subject matter jurisdiction." *Ahmed v. Sessions*, Case No. 16-CV-2124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017).

Because Mr. M.-S. sought release from ICE custody in his Habeas Petition and he is no longer in ICE custody due to his removal from the United States, the Court can no longer provide the relief sought.[1] As a result, the Court recommends that Mr. M.-S.'s

---

[1] None of the exceptions to the mootness doctrine apply here. *See Ahmed*, 2017 WL 3267738, at *2–3 (listing four exceptions to the mootness doctrine, including that (1)

4

Petition be found moot. Because this Petition should be found moot where the Court can no longer provide the relief sought, such "mootness divests the Court of subject matter jurisdiction" according to Article III of the Constitution because the Petition no longer presents an "actual case or controversy" for the Court to decide. *Ahmed*, 2017 WL 3267738, at *2. Therefore, the Court also recommends that this Court be found to lack subject matter jurisdiction over this action.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Oscar M.-S.'s Petition for a Writ of Habeas Corpus (Dkt. No. 1) be **DENIED AS MOOT** and this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Date:  June 28, 2022                               *s/ John F. Docherty*
                                                   JOHN F. DOCHERTY
                                                   United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

---

secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the [petitioner] voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.).

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).